UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| AVRA KAY TIGHE,<br><br>          Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>          Defendant. | Case No. ED CV 13-1619-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff appeals from the denial of her application for Social Security benefits. On appeal, the Court concludes that the Administrative Law Judge ("ALJ") did not err in assessing the medical evidence of record or Plaintiff's credibility. Therefore, the ALJ's decision is affirmed and the matter is dismissed with prejudice.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed applications for Social Security Disability Insurance ("SSDI") benefits, disabled widow's benefits, and Supplemental Security Income ("SSI") benefits, alleging disability beginning February 21, 2007. Administrative Record ("AR") 13. In an unfavorable decision, the ALJ

concluded that Plaintiff could perform her prior work as a cashier checker within the residual functional capacity ("RFC") limitations imposed by her medically determinable impairments. AR 20.

## II.
## ISSUE PRESENTED

The parties dispute whether the ALJ (1) erred in failing to discuss a purported medical opinion from Dr. Matthew Pautz, and (2) properly assessed the credibility of Plaintiff's subjective symptom testimony. See Corrected Joint Stipulation ("JS") at 3-4.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). If the evidence can reasonably support either affirming or reversing, the Court may not substitute its judgment for that of the ALJ. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## IV.

## DISCUSSION

**A.   The ALJ Did Not Err in Considering the Evidence of Dr. Pautz's Opinion**

Plaintiff contends that the ALJ did not properly discuss and discredit an October 28, 2008 post-operative "permanent and stationary" report from Dr. Matthew Pautz, the treating surgeon who performed Plaintiff's spinal fusion surgery. See JS at 4-12. As discussed at the administrative hearing, Plaintiff was unable to obtain and present a copy of Dr. Pautz's actual opinion. See AR 35-37. Rather, Plaintiff relies on references to that opinion in the later opinion of Dr. David Evans, Plaintiff's treating chiropractor:

> Primary Treating Physician's Workers' Compensation P&S, signed by Matthew J. Pautz, D.O. DIAGNOSES: Cervical spondylosis at C4-5 and C5-6. Herniated nucleus pulposus at C4-5 and C5-6, improved. CAUSATION: The patient's current complaints are direct results of injuries at work on 02/21/07. VOCATIONAL REHABILITATION: Not indicated. WORK RESTRICTIONS: The patient should be precluded from pushing, pulling, and lifting more than 10 lbs. She should also limit the use of her left arm and shoulder and limit overhead work. FUTURE MEDICAL CARE: The patient will require ongoing medical treatment in the form of prescription anti-inflammatories, pain medications, and muscle relaxants. If she has significant regression, she should also have access to physical therapy, injections and possibly even surgery to cure or relieve the effects of the injury. TOTAL BODY IMPAIRMENT: DRE cervical spine category IV with a 25% impairment of the whole person due to alternation of motion segment integrity due to her multilevel

fusion.

[. . .]

Regarding my impairment recommendations for the cervical spine, I agree with the total body impairment as recommended by Dr. Matthew J. Pautz, D.O., in his Permanent and Stationary Report, dated 10/28/08.

[. . .]

As per the recommendations of Dr. Pautz in his Permanent and Stationary report of 10/28/08, the patient should be precluded from pushing, pulling and lifting more than 10 lbs. She should also limit the use of her left arm and shoulder and limit overhead work.

[. . .]

In addition, as previously recommended by Dr. Pautz in his Permanent and Stationary report of 10/28/08, in the event of significant regression of the patient's pain, she may even be a candidate for additional surgery to cure or relieve the effects of her injury.

AR 325-29.

Three types of physicians may offer opinions in Social Security cases: those who directly treated the plaintiff, those who examined but did not treat the plaintiff, and those who did not treat or examine the plaintiff. See 20 C.F.R. § 404.1527(c); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).[1] A treating physician's opinion is generally entitled to more weight than that of an examining physician, which is generally entitled to more weight than that of a

---

[1] The Court will cite to the regulatory provisions pertaining to SSDI and disabled widow's benefits. A parallel and virtually identical set of provisions for SSI is codified at § 416.900 et seq.

4

non-examining physician. Lester, 81 F.3d at 830. Thus, the ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion or an examining physician's opinion in favor of a non-examining physician's opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester, 81 F.3d at 830-31. If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester, 81 F.3d 821, 830 (9th Cir. 1996) (citing Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991)). However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

     As an initial matter, a disability claimant bears the burden of demonstrating the existence and impact of her medically determinable impairments in order to prove that she is unable to do her past relevant work. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992). Here, as discussed at the administrative hearing, Plaintiff was unable to produce Dr. Pautz's actual permanent and stationary report. See AR 35-37. The references to the report in Dr. Evans's opinion did not provide a sufficient basis for the ALJ to assess the weight of that opinion. See Edwards v. Massanari, No. 00-0548, 2001 WL 929739 (S.D. Ala. June 5, 2001) (holding that where actual medical record was not in the record, "[a p]laintiff's assertion of a treating source's findings does not constitute evidence"). Without a copy of the report itself, the ALJ was unable to assess the objective findings on which it was based, a critical determination required to assess whether the opinion is entitled to controlling weight. See Batson v. Comm'r of Soc. Sec. Admin, 359 F.3d 1190, 1195 (9th Cir. 2004). It was therefore not error for the ALJ to decline to assess Dr. Pautz's opinion as the independent opinion of a treating physician.

Although the record did not contain sufficient evidence of Dr. Pautz's opinion and its objective medical basis to require that the ALJ treat it as an independent treating physician's opinion, the ALJ was required to properly consider the opinion of Dr. Evans, Plaintiff's treating chiropractor. A review of the record reveals that the ALJ did just that.

Under the Social Security Regulations, a chiropractor is not an "acceptable medical source." 20 C.F.R. § 404.1513(a). Rather, a chiropractor is included in the list of medical professionals defined as "other sources." 20 C.F.R. § 404.1513(d)(1). Although their opinions may be used to determine the severity of a claimant's impairments and how those impairments affect the ability to work, 20 C.F.R. § 404.1513(d), such professionals are not considered to be the equivalent of treating physicians. See Jamerson v. Chater, 112 F.3d 1064, 1067 (9th Cir. 1997). To reject the testimony of other nonacceptable medical sources, the ALJ must only give "reasons germane to each witness for doing so." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1224 (9th Cir. 2010)).

Here, the ALJ accorded "limited weight" to Dr. Evans's opinion that Plaintiff could push, pull, and lift a maximum of ten pounds. AR 18. The ALJ gave (AR 18-19) valid reasons for partially discounting Dr. Evans's opinion, namely that the opinion was unsupported by objective clinical evidence and based in part on the subjective symptom claims otherwise discredited by the ALJ. See Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("Inconsistency with medical evidence" is a "germane reason[] for discrediting the testimony of lay witnesses.") (citing Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001)); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995) ("[A]n opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded, once those complaints have themselves been properly discounted.") (citing Flaten v. Sec'y

of Health & Human Servs., 44 F.3d 1453, 1463-64 (9th Cir. 1995)). The Court's review of Dr. Evans's report has revealed few independent objective clinical findings. See AR 324, In fact, many of Dr. Evans's findings appear to be based on Plaintiff's reports of pain. See id. Ultimately, the Court cannot fault the ALJ's synthesis of the opinion of Dr. Evans, which he properly gave limited weight, with the other medical evidence of record in determining that Plaintiff retained the capacity to perform light work with occasional postural activities and overhead reaching. See Bustos v. Astrue, No. 11-1953, 2012 WL 5289311 (E.D. Cal. Oct. 23, 2012) (noting that the Ninth Circuit has said that "an ALJ may synthesize and translate assessed limitations into an RFC assessment" (citing Stubbs–Danielson v. Astrue, 539 F.3d 1169, 1173–74 (9th Cir. 2008)). Accordingly, the ALJ did not err in assessing the opinion of Plaintiff's treating chiropractor, and Plaintiff is therefore not entitled to relief on this claim of error.

**B. The ALJ Did Not Err in Discrediting Plaintiff's Subjective Symptom Complaints**

Plaintiff contends that the ALJ erred by failing to properly credit her subjective symptom testimony. See JS at 12-18.

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2008) (citing Lingenfelter, 504 F.3d at 1035-36). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. Lingenfelter, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan,

947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain and other subjective symptoms are reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. § 416.929(c)(4)).

If the claimant meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. Robbins, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick, 157 F.3d at 722 (quoting Lester, 81 F.3d at 834). The ALJ may consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. Id.

Plaintiff's subjective reports include claims of pain and related limitations. Plaintiff reported that she suffers from daily neck pain and occasional headaches, and obtains relief by sitting propped up by pillows on her bed. AR 37-38. She experiences pain when doing dishes or vacuuming. AR 40. Medication helps with her pain, but causes her to "catnap." AR 41. She experiences "pulling" sensations in her wrists, but they do not limit her use of her hands. AR 42-43. She would be unable to work at a job that required standing for six hours of the work day, because she would not be able to rest her neck; she usually spends most of the day resting her neck. AR 44-45. She

becomes dizzy when she reaches up too high or looks back, and is prone to dropping objects and falling down. AR 39, 43-44.

The ALJ credited Plaintiff's subjective symptom testimony only to the extent that it was consistent with his RFC assessment limiting Plaintiff to light work with certain additional limitations. AR 17-19. Although the ALJ's decision is not a model of clarity, the ALJ gave at least two specific reasons for finding that Plaintiff's subjective testimony was not entirely credible, each of which is fully supported by the record.[2] First, the ALJ noted that, despite Plaintiff's claims of debilitating impairments, she was nevertheless able to perform many activities of daily living. AR 18-19. For instance, Plaintiff reported that she has no problems with personal care and that she is able to prepare meals, do laundry, drive, and shop in stores. AR 40, 42, 45, 48, 50. Moreover, many of her limitations appear to be imposed by her daughter rather than as a result of her impairments. AR 47-48, 50. Although a claimant "does not need to be 'utterly incapacitated' in order to be disabled," Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001), the ability to perform certain activities of daily life can support a finding that the claimant's reports of his or her impairment are not fully credible. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009); Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some

---

[2] Although the focus of Plaintiff's contentions on appeal is on her physical impairments, see JS at 12-16, the Court notes that the ALJ mentioned (AR 19) Plaintiff's conservative mental health treatment history as an additional reason for discrediting her subjective complaints as to her mental impairments. See Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008); see also Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) (finding that the claimant's allegations of persistent, severe pain and discomfort were belied by "minimal conservative treatment").

groceries . . . may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing <u>Fair v. Bowen</u>, 885 F.2d 597, 604 (9th Cir. 1989)).

Second, the ALJ reviewed the medical evidence and reasonably determined that it did not fully support Plaintiff's alleged symptoms and limitations. <u>See</u> AR 18-20. A 2007 report showed normal range of motion and strength in the upper extremities. AR 302. As discussed above, Dr. Evans's 2010 report — which was the primary post-surgical report in the record — contains little in the way of objective medical evidence of impairments, other than signs dependent on Plaintiff's subjective reports of pain. AR 324. That report showed full range of motion in Plaintiff's shoulder, and evidence of the spinal fusion surgery with somewhat limited range of motion in the spine. <u>Id.</u> The ALJ's determination that the objective medical evidence only partially supported Plaintiff's subjective complaints was therefore supported by the record. Although a lack of objective medical evidence may not be the sole reason for discounting a claimant's credibility, it is nonetheless a legitimate and relevant factor to be considered. <u>See</u> <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001).

On appellate review, this Court does not reweigh the hearing evidence regarding Plaintiff's credibility. Rather, the Court is limited to determining whether the ALJ properly identified clear and convincing reasons for discrediting Plaintiff's credibility. <u>Smolen</u>, 80 F.3d at 1284. The written record reflects that the ALJ did just that. It is the responsibility of the ALJ to determine credibility and resolve conflicts or ambiguities in the evidence. <u>Magallanes v. Bowen</u>, 881 F.2d 747, 750 (9th Cir. 1989). If the ALJ's findings are supported by substantial evidence, as here, this Court may not engage in second-guessing. <u>See</u> <u>Thomas</u>, 278 F.3d at 959; <u>Fair</u>, 885 F.2d at 604. It was reasonable for the ALJ to rely on the reasons stated above, each of which is

fully supported by the record, in rejecting Plaintiff's subjective testimony.

Finally, even if Plaintiff's testimony had been credited, it is unclear what additional limitations would stem from the symptoms described by Plaintiff. As described above, the subjective symptoms described by Plaintiff, while significant, do not appear to be debilitating. Indeed, Plaintiff herself admitted that she would have been able to continue working in her prior job if permitted a light duty assignment. See AR 45. Reversal is therefore not warranted on this ground.

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: August 28, 2014

**DOUGLAS F. McCORMICK**

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge